This is an application for allowances to the receivers and their counsel in the matter of the dissolution of the New Jersey Refrigerating Company.
1. During the year 1927 there was paid to the receivers the sum of approximately $500,000 from either *Page 6 
a. Liquidation of mortgages.
b. Installments on account of principal.
c. Interest on mortgages.
The balance of $59,000 is represented by funds received from
a. Ancillary receivers.
b. Rents.
c. Chattel loans and judgments collected.
d. Interest on bank balances.
2. There was paid out five hundred and thirty-two thousand odd dollars, of which $480,000 was for liquidating dividends. The balance was for salaries and general expenses, stationery, c.
The receivers' petition sets out in detail the various transactions, but does not specify what services, if any, they performed.
From their account it is apparent that they employed an assistant — one Dill — to collect rents, interest and so forth. He was paid $200 per month during the entire year and an extra $50 as a Christmas present. What other services they rendered have not been stated. It would seem that they themselves have fixed the value of these collections which have been paid for to Dill as above stated.
It is stated in the memorandum submitted in their behalf that they performed certain services in connection with the dissolution of the Columbia Brewing Company. This was a subsidiary of the New Jersey Refrigerating Company. Its affairs were wound up and allowances in full made in that estate. See99 N.J. Eq. 617.
These services, therefore, cannot again be considered.
The memorandum calls my attention to the fact that the receivers will eventually handle "a sum approaching $5,000,000." I see no reason why I should fix allowances now on what the receivers will "eventually handle." As a matter of fact, they have to date handled $4,291,096.98.
The receivers ask for $10,000 apiece on this account. If I allowed them this on the moneys they have actually handled, it would amount to about two and one-third per cent. *Page 7 
I think their request is excessive. I will allow the receivers $4,000 each. I do this largely in consideration of the quantum
of the estate and not because of any serious work they have performed.
The counsel requests the sum of $15,000. The memorandum submitted is vague as to what actual work counsel did in this matter. It again refers to the Columbia Brewing Company, which, as I have said, has already been paid for. A case in chancery was heard before me, was appealed and litigated in the court of errors and appeals. There is also an action pending in the Essex county circuit court, but it has not been reached for trial. There was also litigation instituted by one Allison, but that is in statu quo. I fail to see how I can allow the sum asked for. In my opinion $2,000 is ample for the services rendered, according to this account.
I might add that I have already made allowances in this receivership to the receivers of $37,500 each, plus a thousand dollars each in the Columbia company, a subsidiary, and counsel $52,500 in this receivership, plus $2,500 in the Columbia Brewing Company matter.
I will sign and file a decree in accordance with these conclusions.